UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. SUTHERLAND,

        Plaintiff,                      CIVIL ACTION NO. 18-cv-13568

    v.                                  DISTRICT JUDGE AVERN COHN

PAT WARREN *et al.*,               MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff William G. Sutherland, proceeding *pro se*, filed this prisoner civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 against multiple defendants on November 15, 2018, claiming violations of his First, Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution.  (Docket no. 1.)  Before the court is Plaintiff's "Emergency Application for Plaintiff's Brief in Support of Motion for Temporary Restraining Order and Permanent Injunction for This Action," which is appropriately construed as a Motion for Temporary Restraining Order and Preliminary Injunction.  (Docket no. 2.)  Defendants have not responded to Plaintiff's Motion.  All pretrial matters have been referred to the undersigned for consideration. (Docket no. 18.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

I. **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 2) be **DENIED** without prejudice.

**II.    REPORT**

Plaintiff seeks a temporary restraining order (TRO) and/or a preliminary injunction directing Defendants to return Plaintiff to a single man cell, which he asserts was wrongfully taken from him in violation of Michigan Department of Corrections (MDOC) policy and his Constitutional rights.  Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or TRO.  No preliminary injunction may be issued without notice to the adverse party.  Fed. R. Civ. P. 65(a)(1).  A TRO may be issued without written or oral notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Defendants Pat Warren, ARUS Hartnagel, Heather Cooper, L. McCarthy, RUM King, and John Doe have not yet been served with process in this matter.[1]  And it is unclear whether the instant Motion was served on these Defendants because the Motion's proof of service is vague and unsigned.  (*See* docket no. 2 at 4.)  Thus, a preliminary injunction cannot issue under Rule 65(a)(1) because Defendants Warren, Hartnagel, Cooper, McCarthy, King, and Doe do not have the requisite notice.

Additionally, the conditions allowing for the issuance of a TRO without notice are not met.  Plaintiff acknowledges Rule 65(b)(1)(B)'s requirement to certify the efforts taken to provide notice to the adverse party, and he asserts that his efforts in this regard are described on page six of an

---

[1] While counsel briefly appeared on behalf of Defendants Warren, Hartnagel, Cooper, McCarthy, and King for the limited purpose of participating in the Early Mediation process (docket no. 10), the appearance did not waive formal service of process (*see* docket no. 6).

attached affidavit.  (Docket no. 2 at 3.)  But there is no affidavit attached to Plaintiff's Motion.  And Plaintiff's verified Complaint does not clearly show that Plaintiff will suffer immediate and irreparable injury before Defendants can be heard.  For these reasons, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 2) should be **DENIED** without prejudice.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  August 13, 2019          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  August 13, 2019          s/ Leanne Hosking
                                 Case Manager

4