UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SUTHERLAND,

           Plaintiff,                   Civil Action No. 18-cv-13568
                                       Honorable Stephen J. Murphy III
v.                                 Magistrate Judge Elizabeth A. Stafford

PAT WARREN, *et al.*,

           Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 74]

### I.    Introduction

Plaintiff William Sutherland, a prisoner proceeding *pro se*, sues Corizon Health Inc., and various employees of Corizon and the Michigan Department of Corrections (MDOC) under 42 U.S.C. §§ 1983 and 1985. [ECF No. 51].[1]  The Honorable Stephen J. Murphy, III, referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b).  [ECF No. 60].

_____

[1] Sutherland's second amended complaint names as defendants Corizon employees Kim Farris, Keith Papendick and Charles Jamsen, and MDOC employees Lana McCarthy, James King, Patrick Warren, Melissa Hartnagel and Heather Cooper.  [ECF No. 51, PageID.589].  He also names a John Doe.  [*Id.*].

Before the Court is Sutherland's motion for temporary restraining order and preliminary injunctive relief filed in July 2020.  [ECF No. 74].[2] Since a temporary restraining order expires after at most 14 days,[3] and Sutherland is not seeking such time-limited relief, the Court treats his motion as one for preliminary injunction only.

For the following reasons, the Court **RECOMMENDS** that Sutherland's motions be **DENIED**.

## II.    Background

Sutherland's second amended complaint alleges that he suffers from serious medical conditions that confine him to a wheelchair, and that defendants have failed to provide the necessary medical treatment.  [ECF No. 51].  Sutherland also claims that the MDOC defendants transferred him in retaliation from Cotton Correctional Facility (JCF) to Macomb Correctional Facility (MRF), a facility that does not have the proper housing for him.  [*Id.*, PageID.592-593, 596].  He asserts that the revocation of his "single-person room-cell" causes him "great pain and suffering."  [*Id.*, PageID.614].  Sutherland also claims that defendants conspired against

---

[2] Sutherland has filed numerous motions for preliminary injunctive relief—in November 2018 [ECF No. 2], in August 2019 [ECF No. 34], and in September 2019 [ECF No. 36]—all of which were denied without prejudice.
[3] *See* Federal Rule of Civil Procedure 65(b)(2).

him, failed to disclose evidence and intentionally destroyed or confiscated records.  [*Id.*, PageID.604-612].  His second amended complaint seeks "compensatory and punitive damages in whatever amount the Court and Jury deem appropriate, plus costs and reasonable attorneys' fees."  [*Id.*].

In his motion for preliminary injunctive relief, Sutherland states that "[d]efendants have retaliatorialy [*sic*] denied [him] the equal treatment, while allowing other prisoners to be treated for lesser medical conditions" than those he suffers from.  [ECF No. 74, PageID.1104].  Sutherland asserts that defendants denied him equal treatment in retaliation for "having filed previous grievances [and] complaints.  [ECF No. 74, PageID.1104].  He moves for a preliminary injunction that directs defendants to provide him access to the necessary medical treatment to relieve his "constant pain."  [*Id.*].

### III.   Analysis

A court may issue a preliminary injunction only after notice to the adverse party, or an *ex parte* temporary restraining order not exceeding 14 days to maintain the status quo.  Fed. R. Civ. P. 65; *Workman v. Bredesen,* 486 F.3d 896, 922 (6th Cir. 2007).  Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary remedy."  *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002).  To decide

3

whether an injunction is warranted, the Court must consider four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the temporary restraining order or preliminary injunction would cause substantial harm to others; and (4) whether the requested relief would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). These factors guide the Court in resolving the motion, but are not rigid prerequisites. *Sandison v. Mich. High Sch. Athletic Assoc., Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). That said, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The movant bears a heavy burden of proving entitlement to injunctive relief. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

*1.    Likelihood of Success on the Merits*

Sutherland alleges in his motion that defendants have denied him meaningful medical treatment for his constant pain in violation of his constitutional rights.  [*Id.*, PageID.1104].  He claims that his likelihood of success on the merits of this claim is "well established as to be unquestionable." [ECF No. 74, PageID.1105].  Sutherland says that preliminary injunctive relief should be granted because of the irreparable injury he is suffering and the risk of further retaliation.  [*Id.*, PageID.1105-1106].

For an inmate to succeed on a claim of deliberate indifference to a serious medical need, he must establish both an objective and subjective component.  *Rhinehart v. Scutt*, 894 F.3d 721, 737-38 (6th Cir. 2018).  The objective component "requires a showing of care so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Id.* (internal citations and quotation marks omitted). The claim of inadequate treatment and its detrimental effect must be supported with verifying medical evidence.  *Id.*  An inmate's desire for additional or different treatment does not suffice; he must offer medical evidence to show the medical necessity for the desired treatment.  *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017).

5

Here, Sutherland refers to an affidavit and exhibit to support his motion for preliminary injunctive relief, but neither are attached.  In fact, he provides no medical evidence to support his motion.  Nor does he describe the standards for showing a violation of any constitutional rights and does not apply those standards to the evidence to show that his claims have a strong likelihood of success.  He simply states he experiences "constant pain."  [ECF No. 74, PageID.1104].  The Court finds that Sutherland has failed to show that he has a strong likelihood of success on the merits.

*2.*   *Irreparable Injury*

Sutherland also fails to satisfy the irreparable injury factor.  "Although the four factors must be balanced, the demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."  *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002).  The irreparable injury alleged must be "both certain and immediate, rather than speculative or theoretical."  *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir.1991).

According to Sutherland, he suffers "constant pain [ ] every hour of every day" because of the defendants' retaliatory denial of meaningful medical treatment.  [ECF No. 74, PageID.1104].  But he puts forth no

6

evidence to support this assertion.  These alleged potential injuries are speculative rather than certain.

Although Sutherland is proceeding *pro* se, and is thus held to a less stringent standard, the leniency granted is not boundless.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  Sutherland still bears the burden of proof that "irreparable injury is *likely* in the absence of an injunction."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original).  He does not meet that burden here.

Because Sutherland has failed to show a strong likelihood of success on the merits or irreparable injury absent an injunction, analysis of the remaining factors—substantial harm to others and the public interest—is unnecessary.  His motion for preliminary injunction should be denied.

## IV.    Conclusion

Sutherland's motions for preliminary injunctive relief **[ECF No. 74]** should be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 30, 2020

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
