UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. SUTHERLAND,

        Plaintiff,

Case No. 2:18-cv-13568

HONORABLE STEPHEN J. MURPHY, III

v.

PAT WARREN, et al.,

        Defendants.

_____/

## OMNIBUS ORDER

Plaintiff William G. Sutherland filed a prisoner civil rights case against multiple defendants that alleged violations of 42 U.S.C. §§ 1983, 1988, and the First, Fifth, Eighth, and Fourteenth Amendments. ECF 1, 51. The matter was referred Magistrate Judge Mona K. Majzoub for pretrial proceedings, ECF 18, but then reassigned to Magistrate Judge Elizabeth A. Stafford. In January 2020, the case was reassigned to the undersigned. Judge Stafford filed an initial report and recommendation, recommending that Plaintiff's requests for temporary restraining orders be denied, and after timely objections, the Court adopted the Magistrate's report. ECF 50, 56.

In February 2020, the Corizon Health Defendants[1] ("Corizon Defendants") moved for summary judgment, claiming that Plaintiff had failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act

---

[1] The Corizon Health Defendants include Kim Farris, Charles Jamsen, and Keith Papendick. *See* ECF 58.

1

("PLRA"), 42 U.S.C. § 1997e, *et seq*. ECF 58, PgID 673. The next day the Michigan Department of Corrections ("MDOC") Defendants[2] ("MDOC Defendants") moved for partial summary judgment, claiming that that Plaintiff had failed to properly exhaust his administrative remedies against the MDOC Defendants. ECF 59. The MDOC Defendants also claimed that Eleventh Amendment sovereign immunity required dismissing the claims for money damages against MDOC and its employees in their official capacity. *Id.* Plaintiff then moved for a bench trial on the issues related to exhaustion and responded to the two pending summary judgment motions. ECF 62, 63, 64.

Then, in September 2020, Magistrate Judge Stafford submitted a report and recommendation ("Report") that recommended granting in part and denying in part the Corizon Defendants' motion for summary judgment. ECF 58. The Report also recommended granting partial summary judgment to the MDOC Defendants. ECF 59. Finally, the Report recommended granting in part Plaintiff's motion for a bench trial, ECF 62; and sua sponte dismissing the conspiracy claims, ECF 78.

Since then, the Corizon Defendants and Plaintiff both timely objected to the Report. ECF 80, 81. The Court has thoroughly reviewed the Report, the summary judgment motions, and the objections. For the reasons below, the Court will adopt in part and reject in part the Report and will grant the motions for summary judgment.

---

[2] MDOC Defendants include Melissa Hartnagel, James King, Lana McCarthy, and Patrick Warren. *See* ECF 59.

## BACKGROUND

The Report properly details the necessary information creating Plaintiff's action against Defendants. ECF 78, PgID 1134–36. The Court will adopt that portion of the Report.

## LEGAL STANDARD

The Court's standard of review depends on whether a party objects to the Report. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2)–(b)(3). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes prior arguments, is not a valid objection that warrants review. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991).

## DISCUSSION

I. <u>Corizon Defendants' Objection Regarding Grievance 0921</u>

The Report recommended denying the Corizon Defendants' motion for summary judgment as to Dr. Charles Jamsen, M.D. with respect to grievance JCF-18-04-0921-28e ("Grievance 0921"). ECF 78, PgID 1141–44. In particular, the Report found disputed issues of material fact about the timing, delay, and rejection of that

3

specific grievance. *Id.* The Corizon Defendants objected to the Report and argued that the MDOC properly rejected the grievance at Step II of its internal appeals process, and therefore summary judgment should be granted. ECF 80, PgID 1162–64.

Before a prisoner may sue for a grievance in federal court, that potential plaintiff must complete the four-step internal appeals process outlined in the MDOC grievance policy. Failure to do so violates the PLRA. *See* ECF 58-2, PgID 732–35. First, a prisoner must attempt to resolve the issue informally with the staff member involved within two days of the grievable conduct. *Id.* at 732, ¶P. Then, if not resolved, the prisoner may file a Step I grievance within five business days of the attempted informal resolution. *Id.* at 733. If MDOC rejects the grievance, the Grievance Coordinator must sign and return the Step I grievance with an explanation. *Id.* at 733, ¶X. An unsatisfied prisoner may then file a Step II grievance within ten business days after receiving the Step I response. *Id.* at 734, ¶BB. Then, if the Step II grievance is rejected, the prisoner may file a Step III grievance within ten days of receiving the Step II response. *Id.* at 735, ¶FF. Prisoners may also request an extension, up to fifteen days, for filing a Step I or Step II grievance from the Grievance Coordinator. *Id.* at 733, ¶S. And finally, "[g]rievances and grievance appeals at all steps shall be considered filed on the date sent by the grievant." *Id.*

Grievance 0921 was filed on April 12, 2018 after Plaintiff learned on April 6th that Dr. Jamsen had terminated his special accommodation. ECF 58-1, PgID 728. MDOC rejected the Grievance as untimely, but the rejection did not specify which timeline Plaintiff missed. *Id.* at 729. Corizon Defendants' initial arguments and the

4

Report focus on the lapse of time between when Dr. Jamsen removed the accommodation (October 2017) and the initial filing (April 2018) as the possible lapse referred to by MDOC. ECF 58, PgID 685; ECF 78, PgID 1141.

The record does seem to suggest the existence of material factual disputes about whether MDOC properly rejected Grievance 0921 at Steps I and II grievances as untimely. But the record is clear that the Step III Grievance was untimely and therefore unexhausted. Plaintiff received his Step II Grievance on June 25, 2018. ECF 58-1, PgID 726. The MDOC policy allows for ten business days from receipt of grievance denial for a Step III Grievance to be filed. ECF 58-2, PgID 735. Plaintiff, therefore, either had to file his Step III Grievance by July 11, 2018 or request for an extension. But MDOC received Plaintiff's Step III on July 26, 2018. ECF 58-1, PgID 725. Thus, MDOC properly denied Plaintiff's Step III Grievance as untimely and Grievance 0921 was not properly exhausted.

The Court will therefore sustain the Corizon Defendants' first objection and overrule the Report's recommendation denying summary judgment to Dr. Jamsen. The Court therefore finds that Dr. Jamsen is entitled to summary judgment because Plaintiff failed to properly exhaust Grievance 0921.

II. Corizon Defendants' Objection Regarding Reply Brief Analysis

The Report recommended denying summary judgment to Corizon, Inc. and Dr. Keith Papendick, M.D., as to grievance JCF-15-07-1865-28e ("Grievance 1865-28e") because Plaintiff first raised the grievance in the reply brief. ECF 78, PgID 1147–48. The Corizon Defendants objected to the Report and argued that the grievance was

5

not initially address in Defendants' motion for summary judgment because Plaintiff's second amended complaint did not include Grievance 1865-28e, and that regardless the grievance was unexhausted. ECF 80, PgID 1164–66.

It is true that parties "cannot raise new issues for the first time in a reply brief because consideration of such issues deprives the non-moving party of its opportunity to address the new argument." *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) (internal quotation omitted). But that is not what occurred. Instead, the Corizon Defendants' motion for summary judgment argued that none of the grievances at issue named Dr. Papendick or Corizon, Inc. ECF 58, PgID 687. In response Plaintiff pointed to Grievance JCF 15-07-1865-12d3 as the specific Grievance that mentioned Dr. Papendick. ECF 64, PgID 1049. Importantly, JCF 15-07-1865-28e and JCF 15-07-1865-12d3 refer to the same grievance that was renamed during the MDOC process. *See* ECF 59-2, PgID 1002. Thus, when the Corizon Defendants argued in their response brief that Plaintiff did not exhaust Grievance 1865-28e, ECF 66, it was not a "new issue" raised for the first time. Rather, the argument about unexhausted Grievance 1865-28e was the evolution of an issue initially raised in the Corizon Defendants' summary judgment motion. ECF 58, PgID 687.

Additionally, the record is clear that Plaintiff did not properly exhaust Grievance 1895-28e. At a minimum, Plaintiff filed the Step III Grievance about two weeks late and therefore rejected as untimely. ECF 59-2, PgID 1002. In his reply brief, Plaintiff's only explanation for the delay was that he "has no control over U.S.

6

Postal Service." ECF 64, PgID 1049. But Plaintiff filed no affidavit or corroborating evidence to show that he had timely mailed the appeals form. Thus, the Court will affirm the Corizon Defendants' objection, overrule the Report, and grant summary judgment to Dr. Papendick and Corizon Inc.

III.  Plaintiff's Objection Regarding Defendant Farris

The Report recommended granting summary judgment to Defendant Kim Farris, P.A. because Plaintiff did not exhaust the grievance that he filed against her. ECF 78, PgID 1144–47. Plaintiff objected to the Report as to grievance MRF-18-05-0822-28e ("Grievance 0822-28e") and argued that the magistrate judge confused the grievances at issue due to changing labels. ECF 81, PgID 1170–71. Given the confusion, Plaintiff claimed that he met all required response times for his grievances. *Id.*

The Report addressed two grievances that named Farris and found that Plaintiff failed to exhaust both grievances. ECF 78, PgID 1144–47. Plaintiff's objection focuses solely on the Report's treatment of Grievance 0822-28e and therefore the Court will do the same. ECF 81, PgID 1170–71.

Plaintiff is correct that the last digits of the label on this grievance did change over the stages of its review with MDOC, but the changes are well documented in the record and not confusing to the Court. ECF 59-2, 804–08. Plaintiff's objection is not clear but seems to take issue with the timing of the Step I grievance. ECF 81, PgID 1170. The Step I for Grievance 0822-28e was denied not for untimeliness, but rather because after investigation it was determined the alleged action—removal of barrier

free, wheelchair accessibility, and meals notation—had not occurred. ECF 58-1, PgID 723. The Step II for Grievance 0822-28e was also denied on the merits. *Id.* at 721.

Plaintiff, however, did not exhaust the claim because the Step III for Grievance 0822-28e untimely. The record is clear that Plaintiff's Step II response was returned to him on July 6, 2018, thereby making his Step III grievance due July 21, 2018. *Id.* at 719. Plaintiff's Step III grievance was not received by MDOC until August 1, 2018 and was outside the "suitable timeframe after the due date of July 21, 2018," including a "grace period for standard mail." *Id.* Plaintiff did not make any argument excusing the delay and instead urged the Court to look at the delay in the Warden's response time. ECF 81, PgID 1171. That delay is irrelevant to whether Plaintiff exhausted the claim. Because the objection merely summarizes what Plaintiff has presented before, the objection warrants no further review. *Howard*, 932 F.2d at 508.

The Court will therefore overrule Plaintiff's objection, and the adopt the portion of the Report that granted summary judgment to Defendant Farris.

IV.     Plaintiff's Objection Regarding Defendant McCarthy

The Report recommended granting summary judgment to Defendant Lana McCarthy because no grievances named her, and therefore Plaintiff did not exhaust any claims against her. ECF 78, PgID 1149–51. Plaintiff objected to the Report and argued—for the first time—that the magistrate judge overlooked grievance JCF 1603-524012Z, which allegedly clearly states it is against "HUM MCCARRTHY." ECF 81, PgID 1172.

8

Plaintiff's second amended complaint includes only one mention of Defendant McCarthy in which Plaintiff allegedly told McCarthy that he was left to lie in feces and urine for three weeks, and that McCarthy allegedly refused to take any corrective action. ECF 51, PgID 595; *see Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quoting *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013)). But the only grievance in the record that names Defendant McCarthy is JCF-16-03-0524-12z which describes a 2016 incident where a medical van picked up Plaintiff but the vane sent could not accommodate wheelchairs, and so Plaintiff to had to wait nearly two hours for a new vehicle. ECF 59-2, PgID 938. In short, the only grievance that Plaintiff cited in his objection has nothing to do with the conduct alleged in the second amended complaint. Thus, even under a liberal reading of the second amended complaint, the record lacks any grievance against Defendant McCarthy that addresses the incident described in the second amended complaint. Last, "it is well-established" that moving parties may not "raise new claims where such claims were not raised in the complaint," and that such unraised claims are waived. *Quinn v. District of Columbia*, 740 F. Supp. 2d 112, 130 (D.D.C. 2010). Because Plaintiff did not exhaust the grievance against Defendant McCarthy, the Court will grant summary judgment to Defendant McCarthy. Plaintiff's objection is therefore overruled.

V.   Plaintiff's Objection Regarding Conspiracy Claims

Finally, the Report recommended sua sponte dismissal of claims V–IX that alleged Defendants had conspired against Plaintiff to deprive him of his constitutional rights. ECF 78, PgID 1153. Plaintiff objected and argued that the intracorporate conspiracy doctrine does not apply in this case. ECF 81, PgID 1172.

Contrary to Plaintiff's assertion, however, the Sixth Circuit has settled that "Corizon and its employees are indeed agents of the state in relation to their contracts with MDOC," and thus "the intracorporate conspiracy doctrine applies, and under the Sixth Circuit's general rule in civil conspiracy cases [] a corporation cannot conspire with its own agents or employees." *Boyne v. Heyns*, No. 12-14098, 2017 WL 3977524, at *4 (E.D. Mich. Sept. 11, 2017) (internal quotation marks omitted); *see also Burley v. Abdellatif*, No. 16-cv-12256, 2018 WL 3300315, at *12 (E.D. Mich. Jan. 26, 2018), *adopted*, No. 16-12256, 2018 WL 1384235 (E.D. Mich. Mar. 19, 2018). For that reason, the Court will dismiss claims V–IX of Plaintiff's second amended complaint for failure to state a claim upon which relief could be granted. Plaintiff's objection is overruled, and the Report is adopted as to the sua sponte dismissal of the conspiracy claims.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Corizon Defendants' objections [80] are **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's objections [81] are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation [78] is **ADOPTED IN PART** and **OVERRULED IN PART.**

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** in favor of Dr. Jamsen as to the claim stemming from Grievance 0921 [58].

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** in favor of Defendants Corizon, Inc. and Dr. Papendick [58].

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** in favor of Defendant Farris [58].

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** in favor of Defendant McCarthy [59].

**IT IS FURTHER ORDERED** that claims V-IX of Plaintiff's second amended complaint are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a bench trial on the issue of exhaustion [62] is **DENIED** as **MOOT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 13, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 13, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager